**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER MENDEZ-JUAREZ, | No. 20-73275 |
| Petitioner, | Agency No. A201-906-203 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022[**]
San Francisco, California

Before: GRABER and WARDLAW, Circuit Judges, and BAKER,[***] International Trade Judge.

Elmer Alfonso Mendez-Juarez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' (BIA) decision dismissing his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

appeal of an Immigration Judge's (IJ) order denying his motion to reopen proceedings under 8 C.F.R. § 1003.23(b)(3) as numerically barred. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. The BIA did not abuse its discretion in concluding that Mendez-Juarez's motion to reopen was numerically barred. Mendez-Juarez submitted a motion to reopen on February 10, 2020, which was denied by the IJ for failure to attach an application for relief. Mendez-Juarez then submitted a second motion to reopen on March 6, 2020. Although the second motion to reopen included the required application for relief, each applicant is allowed to file only one motion to reopen pursuant to 8 C.F.R. § 1003.23(b)(1). Therefore, the second motion to reopen was numerically barred.

2. Even assuming that the BIA abused its discretion by failing to consider whether it should apply equitable tolling to the numerical bar, *see Socop-Gonzalez v. I.N.S.*, 276 F.3d 1173, 1183–84 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v.* Davis, 953 F.3d 582, 599 (9th Cir. 2020) (en banc), the BIA did not abuse its discretion in concluding that Mendez-Juarez failed to establish prima facie eligibility for relief, *see Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003).

To establish prima facie eligibility for asylum, Mendez-Juarez needed to show that he is a refugee, meaning that he either suffered past persecution or has a

well-founded fear of future persecution on account of a protected ground. *Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003). In his application for relief, Mendez-Juarez references threats received from his stepfather before he was kicked out, threats from his stepfather's brothers should his stepfather go to jail, and threats from his wife's new partner should Mendez-Juarez attempt to reunite with her. However, persecution is "an extreme concept," *see Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and threats alone generally "do not rise to the level of persecution," *see id*. at 1062 (internal citations and quotation marks omitted). Therefore, the application fails to allege past persecution. The application also fails to identify a proposed social group that Mendez-Juarez claims is the reason for his persecution. Mendez-Juarez asserts a generalized fear of attacks, kidnapping, or extortion because of an assumption that he has money as an arrival from the United States. But as the BIA notes, this is a "general statement" for which Mendez-Juarez provides no support and therefore does not demonstrate a "well-founded" fear of future persecution. Thus, the BIA did not abuse its discretion in concluding that Mendez-Juarez failed to establish prima facie eligibility for asylum. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that we "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law").

Because Mendez-Juarez failed to allege past persecution on account of an

enumerated ground, his withholding of removal claim fails too. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017).

To show prima facie eligibility for relief under the Convention Against Torture (CAT), Mendez-Juarez must present evidence that it is more likely than not that he would be tortured by a government official or that the government would acquiesce in his torture by others. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Mendez-Juarez's application for relief does not allege that he would be tortured if returned to Guatemala, or that the government would be the cause of or acquiesce in his torture. Therefore, the BIA did not act "arbitrarily, irrationally, or contrary to law" in concluding that Mendez-Juarez is ineligible for CAT relief. *See Najmabadi*, 597 F.3d at 986.

**PETITION FOR REVIEW DENIED.** [1]

---

[1] Mendez-Juarez's motion for a stay of removal (**Dkt. 1**) is **DENIED** as moot.